```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,

                   Plaintiff,       Criminal Action
                                    No. 16-10337-DJC
V.
                                    September 16, 2019
DOMINGO DEPENA VEGA,                3:23 p.m.

                   Defendant.
_____




              EXCERPT of TRANSCRIPT OF SENTENCING

             BEFORE THE HONORABLE DENISE J. CASPER

                 UNITED STATES DISTRICT COURT

                JOHN J. MOAKLEY U.S. COURTHOUSE

                       1 COURTHOUSE WAY

                       BOSTON, MA  02210




                DEBRA M. JOYCE, RMR, CRR, FCRR
                     Official Court Reporter
                 John J. Moakley U.S. Courthouse
                  1 Courthouse Way, Room 5204
                       Boston, MA  02210
                     joycedebra@gmail.com
```

```
 1   APPEARANCES:

 2   FOR THE GOVERNMENT:

 3   LEAH B. FOLEY, ESQ.
     United States Attorney's Office
 4   John J. Moakley U.S. Courthouse
     Suite 9200
 5   One Courthouse Way
     Boston, MA 02210
 6   617-748-3144
     leah.foley@usdoj.gov
 7
     FOR THE DEFENDANT:
 8
     JOHN L. CALCAGNI, III, ESQ.
 9   Law Offices of John L. Calcagni, III
     One Custom House Street
10   Suite 300
     Providence, RI 02903
11   401-351-5100
     jc@calcagnilaw.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

(The following proceedings were held in open court before the Honorable Denise J. Casper, United States District Judge, United States District Court, District of Massachusetts, at the John J. Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, on September 16, 2019.

The defendant, Domingo Depena Vega, is present with counsel.  The Assistant U.S. Attorney is present.)

THE CLERK:  Court is in session.  Please be seated.

Criminal action 16-10337, <u>United States v. Domingo Depena Vega</u>.

Would counsel please state your name for the record, please.

MS. FOLEY:  Good afternoon, your Honor.  Leah Foley for the United States.

THE COURT:  Good afternoon, counsel.

MR. CALCAGNI:  Good afternoon.  John Calcagni for Mr. Vega.

THE COURT:  Good afternoon, counsel.

Good afternoon, Mr. Vega.

THE DEFENDANT:  Good afternoon.

THE COURT:  Counsel, Mr. Vega, I know we're here for sentencing.  Before we begin, I wanted to make sure that I have all of the materials that you wanted me to consider.

Counsel, I see a few other people in the courtroom.

1 Is there any reason that I can't make reference to all of the
2 filings?
3      Ms. Foley, I'll ask you that.
4      MS. FOLEY: No, your Honor.
5      MR. CALCAGNI: No, your Honor.
6      THE COURT: And can you just identify the folks behind
7 you, if you know.
8      MR. CALCAGNI: Yes, your Honor. This is Mr. Vega's
9 mother and her significant other, and they are fully apprised
10 of the circumstances.
11      MS. FOLEY: And this is the case agent.
12      THE COURT: Thank you, counsel.
13      So, counsel, just before we begin, I wanted to make
14 sure I all reviewed of the written materials that counsel
15 wanted me to.
16      I've received and reviewed the presentence report as
17 revised back in January of -- January 23rd of 2019. I will
18 just say that I've gotten a one-page update in regards to the
19 applicable guideline range and statutory provisions given the
20 notice of withdrawal of the 851 information.
21      I've also received the government's filing under seal
22 and the notice of withdrawal of the 851, as well as the
23 defendant's sentencing memo, all of which I've had a chance to
24 review.
25      I'm certainly aware of the government's earlier global

1  sentencing memo that was filed back in April 2018, although my
2  memory is it didn't necessarily address Mr. Vega, so I think
3  the substance of what is before me are the recent filings and
4  obviously the presentence report.
5           Counsel, any other written materials that you wanted
6  me to review?
7           MS. FOLEY:  No, your Honor.
8           MR. CALCAGNI:  No, your Honor.
9           THE COURT:  Counsel, in terms of the guideline --
10 well, counsel, have you reviewed with Mr. Vega the presentence
11 report as well as the recent revision in light of the
12 withdrawal of the 851?
13          MR. CALCAGNI:  Your Honor, I have reviewed the PSR.
14 Obviously we weren't aware of the update until I just came into
15 Court.  You'll even notice in my submission I lodged an
16 objection to the presentence report because of what I believed
17 to be inaccurate assertions regarding the applicable mandatory
18 minimum of 15 in light of the 851 filing.  I reference in there
19 that I believe the filing that had been presented was moot in
20 light of some changes under the First Step Act, but now that
21 the government has withdrawn the 851, it's even more so.
22          THE COURT:  I see that in footnote 2, counsel.
23          MR. CALCAGNI:  I assume my objection is no longer
24 valid in light of this update.
25          THE COURT:  Counsel, just give me a moment.

```
 1              (Pause.)
 2              THE COURT:  Well, as I understand it, the government's
 3   position is that Mr. Vega is subject only to the otherwise --
 4   subject to the 120-month minimum mandatory before I consider
 5   their sealed motion, correct?
 6              MS. FOLEY:  That is correct.
 7              THE COURT:  And that's Probation's calculation as
 8   updated.
 9              PROBATION OFFICER:  Correct.
10              THE COURT:  So, counsel, to the extent there was an
11   objection to the 180 months, I no longer have to take that into
12   account since the point is moot, as you acknowledge.
13              Counsel, I don't think there were any other objections
14   to the calculations of either the adjusted total offense level
15   or the criminal history.
16              MR. CALCAGNI:  That's correct, your Honor.  There were
17   some issues that I worked out with Probation before the report
18   was revised.  So in its current form, there were no objections.
19              THE COURT:  And I think that's the same for the
20   government.
21              MS. FOLEY:  Yes, your Honor.
22              THE COURT:  So with that, counsel, I will adopt the
23   total offense level, adjusted for acceptance of total offense
24   level of 27; criminal history is Category II, I believe, based
25   on three criminal history points.
```

1        If the minimum mandatory still applied, the guideline
2   sentence would be 120 months, but I understand, in light of the
3   government's motion, it would be 78 to 97 months; is that
4   correct?
5        PROBATION OFFICER:  Yes, your Honor.
6        THE COURT:  And the supervised release range is now
7   then five years.  The fine range is the same at the low end of
8   $25,000 to $10 million, and the mandatory special assessment
9   remains at $100.
03:29 10        Is there any forfeiture motion as to Mr. Vega?
11        MS. FOLEY:  No, your Honor.
12        THE COURT:  Ms. Foley, as I indicated, I had reviewed
13   the government's filing and the reason for its filing, but I'll
14   hear you further in that regard.
15        MS. FOLEY:  Yes, your Honor.  One moment.
16        (Discussion off the record.)
17        MS. FOLEY:  Your Honor, the government requests that
18   these proceedings be under seal, considering that this referred
19   to sealed material.
03:30 20        THE COURT:  Do you want to be heard at sidebar,
21   counsel?
22        MR. CALCAGNI:  Please.
23        THE COURT:  We can go to sidebar.  Mr. Vega should
24   join us.
25        This can be under seal.

1      I'm assuming, counsel that's because somebody has
2  walked in that nobody knows who he is.
3      MS. FOLEY:  No, actually, he's a member of our office
4  as well.  Just in case if somebody did walk in while we were
5  talking about it.
6      THE COURT:  Okay.  Counsel, I'll hear you in regards
7  to your recommendation based on the 5K motion.
8      (Sidebar discussion has been sealed and removed from
9  this transcript.)
03:48 10             *   *   *   *   *   *   *   *
11      (End of discussion at sidebar.)
12      THE COURT:  Counsel, anything else either side wants
13  to add in regards to the considerations I should make in
14  regards to what the appropriate sentence should be here?
15      MS. FOLEY:  Nothing further from the government.
16      THE COURT:  Counsel?
17      MR. CALCAGNI:  Your Honor, is this my opportunity to
18  present my sentencing recommendation?
19      THE COURT:  Yes, sure.
03:49 20      MR. CALCAGNI:  Your Honor, I'm asking the Court to
21  consider a sentence today of 36 months.  In support of that
22  request, I offer to the Court the following:  First, Mr. Vega
23  has done everything imaginable to mitigate his misconduct in
24  this case.  He's been at the Wyatt for 36 months
25  infraction-free.  He was working in the kitchen for a number of

years.  I neglected to notify the Court in my sentencing memo that he was recently promoted to what's called the "captain's crew."  It's a special job that they have at the Wyatt, and those inmates who are selected for the position, it's only a handful, they're handpicked by the warden, and they actually have free run of the facility.  They're not subjected to count and lockdown like most of the other inmates.  That's because they're there to augment the staff; they work through the night on their own without supervision performing maintenance.  It's a position of trust, and the fact that Mr. Vega was selected for it speaks to his character or least his performance since he's been there.

I point out to the Court, as you know or may recall, there were a number of other co-defendants that were sentenced in this case.  Most, if not all of whom, but for Mr. Vega, were involved in the trafficking of fentanyl and heroin.  Certainly those opiates have been wreaking more havoc on society as of late than other types of drugs.  Of course, I'm not offering that as a justification but just for comparison sake.

Your Honor, in my sentencing memo I took the liberty of going through all the sentences imposed in this case, and I came up with a median sentence of 46.67 months, that was the average sentence imposed for many of the other co-defendants in this case.

When you have to look at avoiding unwarranted

 1   disparities in a sentence, I hope your Honor will take into
 2   consideration that particular number.
 3          Of the list of co-defendants, Mr. Vega wanted me to
 4   point out two in point.  One gentleman, Vicente Santo, Criminal
 5   History Category II, involved with heroin and fentanyl,
 6   received a sentence of 63 months.  And then also a name,
 7   Jeffrey Rodriguez, involved with heroin and fentanyl.  He had a
 8   total offense level of 30, Criminal History Category II.  He
 9   ended up with a sentence of 55 months.
10          So I hope that some of these other sentences will
11   serve as guideposts for the Court in deciding what's
12   appropriate for Mr. Vega.
13          Mr. Vega comes from a pretty large and loving family.
14   His mother is in the courtroom here today.  She delayed a
15   medical procedure to be here today after learning that
16   sentencing was going to go forward.
17          The Court should note that he has two children, a
18   number of siblings, one of whom is a correctional officer.  A
19   wide support -- police officer, thank you, Mr. Vega -- a wide
20   support system, your Honor, of people that love and care for
21   this gentleman.
22          I can tell the Court I've been doing this job for a
23   long time; I encounter a number of defendants throughout the
24   years.  I haven't met anybody as contrite, as candid, as
25   forthcoming, as insightful, and as earnest about doing the

```
 1   right thing as I have with Mr. Vega; and I hope the Court will
 2   take all of this into consideration today and consider
 3   rewarding him with a sentence below the mandatory minimum 120
 4   and weigh heavily my request for the 36 months.
 5            THE COURT:  Thank you.
 6            Mr. Vega, you're not required to make a statement, but
 7   if you'd like to make a statement, I would certainly hear you
 8   now.
 9            THE DEFENDANT:  Good day, your Honor.
10            On behalf of my family and myself, I would like to
11   thank the Court for the patience it has exercised throughout
12   these months.  I really appreciate it.
13            The million dollar question is why I'm here again
14   today?  And there's no justification.  We were going through
15   some hardship, my family and I.  One of my sister got diagnosed
16   with cancer, she's a single mother of seven.  Backtrack: car
17   payment, bills.  I made a stupid mistake, and it's created a
18   bigger problem for myself and my family.
19            I apologize.
20            My mother is back there.  She's not doing too well.
21   I'm just trying to get this behind me as fast as possible.
22            Thank you.
23            THE COURT:  Thank you.
24            Thank you, Mr. Vega.
25            Counsel, Mr. Vega, I'm going to take a recess, and
```

1  I'll return to the bench.  Thank you.

2          THE CLERK:  All rise.

3          (Recess taken.) (After recess)

4          THE CLERK:  All rise.

5          Court is in session.  Please be seated.

6          THE COURT:  Counsel, I appreciate counsel's filings in
7  regards to sentencing and your respective recommendations.  I
8  appreciate, Mr. Vega, your statement to this Court, which I've
9  considered as well, along with all of the other information
10 before me in the record.

11         Considering that record, Mr. Vega, as you might
12 understand, I need to weigh all of the factors under Title 18,
13 United States Code, 3553(a) in determining what a reasonable
14 and appropriate sentence would be here.  Those factors include,
15 but are not limited to, the advisory guideline sentencing
16 range, the nature and circumstances of the crime that you
17 committed, your personal history and background, and the need
18 for any sentence I impose to reflect not just the seriousness
19 of the offense but promote respect for the law, provide just
20 punishment and adequate deterrence and avoid unwarranted
21 sentencing disparities.

22         Mr. Vega, I've given consideration to the 3553(a)
23 factors.  I want to say a few things about some of those
24 factors.

25         Certainly I've considered that you've plead guilty to

1    conspiracy to possess with intent to distribute cocaine,
2    heroin, and fentanyl, but your involvement, unlike some of the
3    other defendants, involved just cocaine, that is not to
4    minimize the seriousness of your offense since your involvement
5    involved kilogram quantities of cocaine, both in supplying the
6    Deiby Victoria organization and receiving cocaine on occasions
7    from the Victoria organization, and I've reviewed, again, the
8    parts of the presentence summary in regards to your involvement
9    as reflected in intercepted calls between you and the lead
04:23 10   defendant, Mr. Victoria, in regards to, again, kilogram
11   quantities of cocaine.
12          I find that as calculated here, the 5-to-15-kilogram
13   quantity of cocaine attributable to you, obviously is in and of
14   itself a serious offense, and I've given consideration to that,
15   but I've also given consideration to your role relative to
16   others that I've sentenced.
17          Mr. Vega, I've also considered your personal history
18   as reflected in the presentence report and as also reflected in
19   your sentencing memo.
04:24 20          If I recall correctly, you're 42 years old.  You were
21   born in Boston.  You are the third of four children, but you
22   also have some half siblings on your father's side.  You grew
23   up in poor circumstances and suffered some abuse inside your
24   home and abuse of a different nature at the hands of a
25   neighbor.

1                You left home at age 16 and have largely been on your
2     own since that time, although you maintain a good relationship
3     and supportive relationship with your mother, who I note is
4     here and supporting you, despite her own health issues, which I
5     think you made reference to in your statement.
6                At some point, I think when you were previously
7     incarcerated, you earned your GED, and there was reference made
8     today, as well as in the attachment to your sentencing memo, of
9     your completion of a number of courses while you've been
04:25 10    detained at Wyatt and the fact that you've recently been
11    promoted to captain crew worker.
12               I also understand you have two children, a son who's
13    25, who's awaiting the birth of a child; and your daughter, 15,
14    with your current girlfriend, or perhaps be it's fiancé at this
15    point, who is 15 years old.
16               I also received and reviewed a number of letters from
17    your extended family, largely from nieces and nephews, who
18    indicate your positive role in interaction with them.
19               I've also considered, obviously, your prior criminal
04:26 20    history in which you were sentenced -- charged and sentenced in
21    this court with the same charge that you stand before me now,
22    again, involving a conspiracy to distribute cocaine and in
23    kilogram quantities.  That was back when I believe you were 27
24    years old.  You were sentenced in that matter before one of my
25    colleagues to a ten-year sentence, and I've considered not just

the fact of your criminal history, but the nature of that prior criminal conviction.

I've also considered, Mr. Vega, the advisory sentencing guideline range, 78 to 97 months, which I find was correctly calculated.

The government's recommendation is at the midpoint of that range. That alone does not answer what the correct sentence is, but it is one of the factors that I have considered.

I've also considered your recommendation of a sentence that is significantly below that range, roughly half of that range.

Finally, Mr. Vega -- and I should also say in regards to your personal history, I've also considered not what was just attached to the presentence report, to the sentencing memo, but also what was the subject of my discussion with counsel and with you, Mr. Vega, at sidebar. I've considered all of your post-charging conduct and all of its substance and detail that's been provided.

Lastly, Mr. Vega, I've considered all of the goals of sentencing, not just just punishment, but respect for the law. I've considered the sentences of your co-defendants. You, in many respects, stand in different positions, so it's hard to exactly compare your situation to any one other defendant, but I've certainly considered that, and I think that that is in the

```
 1  realm of reason compared to the other sentences.
 2          For all of those reasons, and having considered all of
 3  the filings before me, I'm going to sentence you to a sentence
 4  of 60 months of imprisonment; five years supervised release,
 5  which I understand to be the minimum mandatory that still
 6  applies here --
 7          PROBATION OFFICER:  Yes, your Honor.
 8          THE COURT:  -- no fine; and a $100 special assessment.
 9  I do think this sentence is sufficient, but not greater than
10  necessary, for all of the reasons that I've stated.
11          Counsel, before I formally impose sentence, does
12  either side need to be heard?
13          MS. FOLEY:  No, your Honor.
14          THE COURT:  Counsel, do you need to be heard?
15          MR. CALCAGNI:  No, your Honor.
16          THE COURT:  I believe there was a reference in your
17  sentencing memo to including a recommendation of a designation
18  to a facility that's as close to Massachusetts as possible; am
19  I correct about that?
20          MR. CALCAGNI:  Yes, your Honor.
21          THE COURT:  Would you like me to include that?
22          MR. CALCAGNI:  Yes, please.
23          THE COURT:  And, counsel, I just note that there were
24  two special conditions that were proposed by Probation that I'd
25  be inclined to impose regarding participation in a manualized
```

1    cognitive behavioral treatment program if Probation so directs,
2    and contributing to the costs of that program based on
3    Mr. Vega's ability to pay.
4         Any objection to those, counsel?
5         MR. CALCAGNI: No, your Honor.
6         THE COURT: Mr. Vega, I'd ask you to rise, please.
7         Mr. Vega, for all of the reasons I've stated and
8    pursuant to the Sentencing Reform Act of 1984 and having
9    considered all of the factors under Title 18, United States
04:30 10   Code, 3553(a), it is the judgment of this Court that you're
11   committed to the custody of the Bureau of Prisons for a term of
12   60 months.
13        Upon your release from imprisonment you shall be
14   placed on a period of supervised release for five years.
15        Within 72 hours of your release from BOP custody you
16   shall report in person to the district to which you are
17   released.
18        I'm not imposing a fine, since I find you don't have
19   the financial ability to pay a fine.
04:30 20   I am imposing a period of supervised release during
21   which you'll be subject to certain mandatory and standard
22   conditions.
23        Counsel, does Mr. Vega waive the reading of those
24   conditions?
25        MR. CALCAGNI: Yes, Judge.

1            THE COURT:  Mr. Vega, you'll also be subject to two
2   special conditions, that you participate in manualized
3   cognitive behavioral treatment as may be directed by Probation,
4   and to the extent that there are any costs for this treatment,
5   you'll be required to pay, based on your ability to pay or the
6   availability of third-party payment.
7            I also order that you pay the mandatory special
8   assessment of $100, which shall be due immediately.
9            That will be the judgment of the Court.
04:31 10         You can sit down, Mr. Vega.
11           Counsel, my memory is that there is not an appeal
12  waiver here; is that correct?
13           MS. FOLEY:  Your Honor, I don't believe we signed a
14  plea agreement in this case.
15           THE COURT:  Okay.
16           So other than advising Mr. Vega of his appellate
17  rights, anything else I should take up?
18           MS. FOLEY:  No, your Honor.
19           THE COURT:  Counsel?
04:32 20         MR. CALCAGNI:  No, your Honor.
21           THE COURT:  Mr. Vega, I do need to advise you that you
22  can appeal your conviction if you believe your guilty plea was
23  unlawful or involuntary or if there's some other fundamental
24  defect in the proceeding that was not waived by your guilty
25  plea.  You also have the right to appeal the sentence I just

```
 1  imposed.
 2          If you're unable to pay the costs of appeal, you may
 3  ask permission to have those costs waived and appeal without
 4  paying.
 5          You must file any notice of appeal within 14 days of
 6  the entry of my written judgment, and if you request, Mr. Vega,
 7  the clerk of this court will immediately prepare and file a
 8  notice of appeal on your behalf.
 9          Do you understand?
10          THE DEFENDANT:  Yes.
11          THE COURT:  Okay.  Mr. Vega, I wish you good luck, and
12  counsel, I appreciate the arguments today.  Thank you.
13          MS. FOLEY:  Thank you, your Honor.
14          THE CLERK:  All rise.
15          (Court adjourned at 4:32 p.m.)
16                 - - - - - - - - - - - -
17                      CERTIFICATION
18          I certify that the foregoing is a correct transcript
19  of the record of proceedings in the above-entitled matter to
20  the best of my skill and ability.
21
22
23
24  /s/Debra M. Joyce                    June 13, 2020
    Debra M. Joyce, RMR, CRR, FCRR      Date
25  Official Court Reporter
```